FILED IN OPEN COURT
U.S.D.C. Atlanta

APR - 8 2014

James N. Hatten, Clerk
By: Deputy Clerk

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RASHON BOHANNON<br>JIMIA FANNIN<br>ASHLEY POSEY<br>KAMALI RIVES<br>  A/K/A "KUT" | Criminal Indictment<br><br>No. 1  14-CR-130 |

THE GRAND JURY CHARGES THAT:

## Count One
### (Bank Fraud Conspiracy)

1. Beginning on a date which is unknown to the Grand Jury, but from at least in or about August 2010, and continuing through at least in or about April 2012, in the Northern District of Georgia, the Defendants, RASHON BOHANNON, JIMIA FANNIN, ASHLEY POSEY, and KAMALI RIVES a/k/a "Kut," together and with others known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate, agree, and have a tacit understanding with each other, to violate Title 18, United States Code, Section 1344, that is, to execute and attempt to execute a scheme and artifice to defraud Bank of America, JP Morgan Chase, PNC Bank, Regions Bank, and SunTrust Bank, financial institutions the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain and attempt to obtain moneys,

funds, credits, assets, and other properties owned by and under the custody and control of those financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, as well as by omission of material facts.

### Manner and Means

2. Defendant FANNIN was employed by Bank of America at its lockbox unit, where her job was to process checks from envelopes that had been mailed to P.O. Box numbers assigned to Bank of America clients. As part of processing the checks, Defendant FANNIN was supposed to post them as deposits to the appropriate Bank of America accounts.

3. As part of the conspiracy, Defendant FANNIN stole checks that had been mailed to P.O. Box numbers assigned to Bank of America corporate clients. She then provided the stolen checks to Defendants RIVES and BOHANNON.

4. Defendants RIVES and BOHANNON recruited individuals, who acted as runners, to open checking accounts at banks in the Northern District of Georgia. The accounts were opened in the names of corporations but controlled by the Defendants. In opening the accounts, the Defendants used names similar or identical to the payee corporations on the stolen corporate checks.

5. Defendant POSEY was a runner recruited by Defendants RIVES and BOHANNON. She opened at least six accounts that the Defendants used as part of the conspiracy.

6. Defendants RIVES, BOHANNON, and POSEY, aided and abetted by others, deposited the stolen checks from Bank of America into the accounts they had opened in the names of corporations. After depositing the checks, Defendants RIVES, BOHANNON, and POSEY, aided and abetted by others, withdrew money from the accounts for their personal use. They used these accounts to steal thousands of dollars from the banks and account holders.

7. In furtherance of the conspiracy, Defendants RIVES and BOHANNON, aided and abetted by others, used the information obtained from the stolen checks to access the bank accounts held by the account holders who had written the checks. As part of the conspiracy, Defendants RIVES and BOHANNON, aided and abetted by others, called the banks and changed the customer information, including the addresses, email addresses, and phone numbers, for their existing accounts.

8. After changing the account information, Defendants RIVES and BOHANNON, aided and abetted by others, withdrew money from the accounts for their own use. As part of the conspiracy, they stole thousands of dollars from these victim accounts.

All in violation of Title 18, United States Code, Section 1349.

### Counts Two through Eleven
### (Bank Fraud)

9. The Grand Jury re-alleges and incorporates by reference Paragraphs 2 through 8 of Count One of this Indictment as if fully set forth here.

10. Beginning on a date which is unknown to the Grand Jury, but from at least in or about August 2010, and continuing through at least in or about April 2012, in the Northern District of Georgia, the Defendants, RASHON BOHANNON, JIMIA FANNIN, ASHLEY POSEY, and KAMALI RIVES a/k/a "Kut," aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly execute and attempt to execute a scheme and artifice to defraud Bank of America, JP Morgan Chase, PNC Bank, Regions Bank, and SunTrust Bank, financial institutions the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain and attempt to obtain moneys, funds, credits, assets, and other properties owned by and under the custody and control of those financial institutions, by means of materially false and fraudulent pretenses, representations, and promises, as well as by omission of material facts.

11. On or about each date listed below, in the Northern District of Georgia, for the purpose of executing the scheme and artifice to defraud and to obtain money from these financial institutions, Defendants BOHANNON, FANNIN, POSEY, and RIVES, aided and abetted by each other and others known and unknown to the Grand Jury, deposited and caused the check identified below to be deposited, in the amount listed below, into the account that was opened in the name identified below:

| COUNT | DATE | CHECK NO. | CHECK AMOUNT | ACCOUNT NAME |
|---|---|---|---|---|
| 2 | 2/6/2012 | 1023 | $7,775.75 | Guarantee Insurance Company |
| 3 | 2/14/2012 | 2608446 | $23,753.43 | Kaman Industrial Technologies |
| 4 | 2/15/2012 | 357698 | $1,959.45 | Kaman Industrial Technologies |
| 5 | 2/22/2012 | 41579 | $3,561.71 | Neff Rental |
| 6 | 2/29/2012 | 121947 | $28,411.34 | L&P Financial Services Corp. |
| 7 | 3/1/2012 | 4747 | $24,455.50 | L&P Financial Services Corp. |
| 8 | 3/2/2012 | 316427 | $43,824.17 | GE Healthcare IITS USA IDX Company |
| 9 | 3/2/2012 | 2710613 | $94,242.03 | Dr Pepper Snapple Group Americas Beverage Corporation |
| 10 | 3/12/2012 | 1474 | $36,898.19 | L&P Financial Services Corp. |
| 11 | 3/12/2012 | 88663 | $43,512.52 | L&P Financial Service Corp. |

All in violation of Title 18, United States Code, Sections 1344 and 2.

**Count Twelve**
**(Access Device Fraud)**

On or about November 7, 2013, in the Northern District of Georgia, the Defendant, KAMALI RIVES a/k/a "Kut," aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud possessed at least fifteen counterfeit and unauthorized access devices, namely, counterfeit credit cards that could be used alone and in conjunction with another access device to obtain money, goods, services, and other things of value, and

could be used to initiate a transfer of funds, and that were obtained with intent to defraud, said activity affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

### Counts Thirteen through Seventeen
### (Access Device Fraud)

Beginning on a date which is unknown to the Grand Jury, but from in or about December 2012, and continuing through in or about November 2013, in the Northern District of Georgia, the Defendant, KAMALI RIVES a/k/a "Kut," aided and abetted by others known and unknown to the Grand Jury, did knowingly and with intent to defraud traffic in and use an unauthorized access device, that is, the American Express credit card number listed below, issued to the individual listed below, and by such conduct did obtain things of value aggregating at least $1,000 for each such card during a one-year period, affecting interstate commerce thereby:

| COUNT | AMEX CARD NO. | INDIVIDUAL |
|---|---|---|
| 13 | XXXX XXXXXX 85008 | M.C. |
| 14 | XXXX XXXXXX 82004 | B.K. |
| 15 | XXXX XXXXXX 05020 | J.C. |
| 16 | XXXX XXXXXX 11002 | L.B. |
| 17 | XXXX XXXXXX 94005 | S.G. |

All in violation of Title 18, United States Code, Sections 1029(a)(2) and 2.

### Counts Eighteen through Twenty-Two
### (Aggravated Identity Theft)

Beginning on a date which is unknown to the Grand Jury, but from in or about December 2012, and continuing through in or about November 2013, in the

Northern District of Georgia, the Defendant, KAMALI RIVES a/k/a "Kut," aided and abetted by others known and unknown to the Grand Jury, did knowingly possess and use, without lawful authority, a means of identification of another person, that person being identified below, during and in relation to committing the felony violation identified below:

| COUNT | PERSON | FELONY VIOLATION |
|---|---|---|
| 18 | M.C. | Access Device Fraud as alleged in Count 13 of this Indictment |
| 19 | B.K. | Access Device Fraud as alleged in Count 14 of this Indictment |
| 20 | J.C. | Access Device Fraud as alleged in Count 15 of this Indictment |
| 21 | L.B. | Access Device Fraud as alleged in Count 16 of this Indictment |
| 22 | S.G. | Access Device Fraud as alleged in Count 17 of this Indictment |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

### Count Twenty-Three
### (Access Device Fraud)

On or about November 7, 2013, in the Northern District of Georgia, the Defendant, KAMALI RIVES a/k/a "Kut," aided and abetted by others known and unknown to the Grand Jury, knowingly and with intent to defraud possessed, and had control and custody of, device-making equipment, namely, equipment designed and primarily used for making access devices, said activity affecting interstate commerce, in violation of Title 18, United States Code, Sections 1029(a)(4) and 2.

**Forfeiture Provision**

1. As a result of committing one or more of the offenses alleged in Counts One through Seventeen and Twenty-Three of this Indictment, the Defendants, RASHON BOHANNON, JIMIA FANNIN, ASHLEY POSEY, and KAMALI RIVES a/k/a "Kut," shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. 982(a)(2), and 28 U.S.C. § 2461(c) all property, real and personal, constituting or derived from proceeds traceable to the offenses, including but not limited to a sum of money equal to the value of those proceeds.

2. Additionally, as a result of committing one or more of the offenses alleged in Counts Twelve through Seventeen and Twenty-Three of this Indictment, the Defendant, KAMALI RIVES a/k/a "Kut," shall forfeit to the United States pursuant to 18 U.S.C. § 1029(c)(1)(C) and (c)(2) all property used and intended to be used to commit each offense.

3. If, as a result of any act or omission of a Defendant, any property subject to forfeiture

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

the United States intends, pursuant 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c) and 18 U.S.C. § 1029(c)(2), to seek forfeiture of any other property of said Defendant(s) up to the value of the forfeitable property.

A  _True_  BILL

_Bri Radph_
FOREPERSON

SALLY QUILLIAN YATES
*United States Attorney*

_Sp H. McCl._

STEPHEN H. MCCLAIN
*Assistant United States Attorney*
Georgia Bar No. 143186

600 U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303
404-581-6000; Fax: 404-581-6181