**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| KAMALI RIVES, | : | MOTION TO VACATE |
| Movant, | : | 28 U.S.C. § 2255 |
| | : | |
| v. | : | CRIMINAL INDICTMENT NO. |
| | : | 1:14-CR-0130-TWT-JFK-4 |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | CIVIL FILE NO. |
| | : | 1:18-CV-3197-TWT-JFK |

## <u>ORDER</u>

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate [297] and Respondent's response [302]. The docket does not show that Movant has filed a reply within the time directed by the Court [298], and the matter is ready for disposition. For the reasons discussed below, the undersigned recommends that Movant's motion to vacate be dismissed as untimely and that a certificate of appealability (COA) be denied.

## I. <u>Background</u>

The grand jury for the Northern District of Georgia charged Movant on one count of bank fraud conspiracy, ten counts of bank fraud, seven counts of access device fraud, and five counts of aggravated identity theft. (Indictment, ECF No. 1).

AO 72A
(Rev.8/8
2)

On December 16, 2015, represented by Jay Strongwater, Movant pleaded guilty to all counts.  (Plea With Counsel, ECF No. 205-1).  On March 4, 2016, the Court imposed a total 234-month term of imprisonment.  (Corrected J., ECF No. 219; Sentencing Tr. at 127, ECF No. 244).  On March 28, 2017, the Eleventh Circuit Court of Appeals affirmed the judgment against Movant.  (USCA Op., ECF No. 262).  The record does not indicate that Movant sought further direct review.

On June 29, 2018, Movant filed his § 2255 motion, signed on June 28, 2018.[1] (Mot. to Vacate, ECF No. 297).  Therein, Movant asserts that he received ineffective assistance of counsel in regard to objections to the presentence investigation report (PSR) and at sentencing.  (Id. at 5-6, 8-9).  Movant left blank "Place of Confinement" on the § 2255 motion and provided a non-prison address on his mailing label.  (Id. at 1; Envelope, ECF No. 297-1).

Respondent argues that this action should be dismissed as untimely because Movant, an absconder, is not entitled to application of the prisoner mailbox rule and because his motion is untimely based on the June 29, 2018, filing date and is untimely

---

[1]Although Movant certified that he mailed the motion on June 27, 2018, based on the signing date, it is apparent that the motion was mailed on June 28, 2018, at the earliest.  (Mot. to Vacate at 13 and Certificate of Service).  Further, Movant's mailing label shows that it was mailed via express, one-day, mail and was accepted for mailing on June 28, 2018.  (Envelope, ECF No. 297-1).

2

AO 72A
(Rev.8/8
2)

even if it is deemed filed on the date that he signed it.  (Resp't Resp. at 3-7, ECF No. 302  (stating that Movant's status with the Federal Bureau of Prisons (BOP) was last checked by Respondent on August 8, 2018)).

Movant has not replied.  A review of the BOP's website shows that Movant is "NOT IN BOP CUSTODY[.]"  See https://bop.gov/inmateloc/ (follow "Find By Number" hyperlink, number 65922-019) (last visited Nov. 28, 2018).

## II.   Discussion

Under the Antiterrorism and Effective Death Penalty Act  ("AEDPA"), a one-year statute of limitations applies to § 2255 motions.  Daniels v. United States, 809 F.3d 588, 589 (11th Cir. 2015), cert. denied, _ U.S. _, 137 S. Ct. 40 (2016).  The one-year statute of limitations runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

3

28 U.S.C. § 2255(f).

Equitable tolling of the federal limitations period sometimes may be warranted, but "only if the petitioner establishes (1) extraordinary circumstances, and (2) due diligence. . . . [E]quitable tolling is an extraordinary remedy which is sparingly applied, and [the movant bears] the burden of proving equitable tolling." Williams v. United States, 491 F.3d 1282, 1284 (11th Cir. 2007).  Actual innocence also provides a limited exception to AEDPA's time limitations.  McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)).[2]

To determine the filing date for a motion to vacate, a prisoner filing may be deemed filed on the day that the prisoner delivered it for mailing to prison officials, which, absent evidence to the contrary, is presumed to be the date on which he signed it.  Jeffries v. United States, 748 F.3d 1310, 1314 (11th Cir. 2014) (citing Houston v. Lack, 487 U.S. 266, 276 (1988); United States v. Glover, 686 F.3d 1203, 1205 (11th Cir. 2012)).  Under § 2255 rules, "[a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or

---

[2]"To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." McKay, 657 F.3d at 1196 (alteration in original) (quoting Schlup, 513 U.S. at 327).

4

before the last day for filing." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3(d). An absconder, however, who is neither confined nor required to deposit his motion in a prison mailing system, is not entitled to any benefit from the prisoner mailbox rule. See Dombrowsky v. Hill, No. 1:11-CV-3048-MHS, 2014 WL 12539353, at *1 (N.D. Ga. Apr. 21, 2014) (stating that the prisoner mailbox rule does not apply when a plaintiff is not a prisoner); Allen v. United States, No. 1:06-CR-0155-CAP-GGB, 2012 WL 928726, at *2 n.2 (N.D. Ga. Jan. 27, 2012) ("According to Bureau of Prisons records, however, Movant was not incarcerated on the date he filed his motion. Thus, the prison mailbox rule does not apply."), report and recommendation adopted by 2012 WL 928733 (N.D. Ga. Mar. 16, 2012).

Here, Respondent states that Movant is an absconder, which statement is consistent with BOP records, and Movant has not shown otherwise. As an absconder, Movant is not entitled to application of the prisoner mailbox rule, and his motion's filing date is as docketed, June 29, 2018. Under § 2255(f)(1), Movant's convictions became final on June 26, 2017, when his time to seek a writ of *certiorari* in the United States Supreme Court expired, ninety days after the Eleventh Circuit Court of Appeals on March 28, 2017, affirmed his convictions. See Michel v. United States, 519 F.3d

5

1267, 1268 n.1 (11th Cir. 2008) (stating that the judgment becomes final when the 90 time period for seeking *certiorari* expires). There is no indication that § 2255(f)(2)-(4), the actual innocence exception, or equitable tolling apply. Thus, Movant's § 2255 motion to vacate was due by June 27, 2018, at the latest,[3] and his motion, filed on June 29, 2018, is untimely. Further, even if his motion was deemed filed on June 28, 2018, it remains untimely. Accordingly, this action must be dismissed as untimely.

---

[3]The Eleventh Circuit Court of Appeals held in <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001), that the limitations period ended on the anniversary date for the day after the triggering event – finding that if the triggering even occurred on October 6, 1997, the litigant had until October 7, 1998, to file under the AEDPA. However, the Eleventh Circuit Court of Appeals found in <u>Ferreira v. Sec'y, Dep't of Corr.</u>, 494 F.3d 1286, 1289 n.1 (11th Cir. 2007), that "[t]he limitations period would have ended on April 24, 1997, the anniversary date of the triggering event, which was AEDPA's effective date."

Although one year from the *day after* the triggering date is June 27, 2018, one year from the June 26, 2017, triggering date is June 26, 2018. Based thereon, it appears that Movant had only through the end of June 26, 2018, in which to file his motion to vacate. <u>See</u> <u>Downs v. McNeil</u>, 520 F.3d 1311, 1318 (11th Cir. 2008) (using the anniversary method based on the triggering date and citing <u>Ferreira</u> and <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000) ("The first day of the 1-year limitation period is the day after the Supreme Court denies certiorari, giving defendants until the close of business on the anniversary date of the certiorari denial to file their habeas motion.")); <u>see also</u> <u>Wood v. Milyard</u>, 566 U.S. 463, 469 (2012) ("Wood's time for filing a federal petition . . . began to run on the date of AEDPA's enactment, April 24, 1996, and expired on April 24, 1997[.]"); <u>Jimenez v. Quarterman</u>, 555 U.S. 113, 119, 120 n.4 (2009) (stating that 1-year limitations period would expire on October 11, 1997, if conviction became final on October 11, 1996).

6

Further, it is doubtful that Movant is entitled to challenge his convictions under § 2255 in the first place. As an absconder, Movant appears to have waived his right to collaterally challenge his conviction in this Court. See <u>Hall v. State of Ala.</u>, 700 F.2d 1333, 1337 (11th Cir. 1983) ("[A]n escapee waives his right to pursue post conviction relief from the court from whose jurisdiction he fled."); <u>United States v. Collins</u>, 651 F. Supp. 1177, 1179-80 (S.D. Fla. 1987) (dismissing escaped movant's § 2255 motion). Additionally, it is questionable that an escaped convict can meet the in custody requirement for a collateral challenge under § 2255. <u>See</u> 28 U.S.C. § 2255 ("A prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. (emphasis added)); <u>Stacey v. Warden, Apalachee Corr. Inst.</u>, 854 F.2d 401, 402 (11th Cir. 1988) (finding that an escaped Alabama prisoner who subsequently was confined in Florida would not be in custody for purposes of challenging his Alabama conviction absent an Alabama detainer).

AO 72A
(Rev.8/8
2)

### III.   Certificate of Appealability (COA)

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Lambrix v. Sec'y, DOC, 872 F.3d 1170, 1179 (11th Cir.) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), cert. denied, _ U.S. _, 138 S. Ct. 312 (2017).

It is recommended that a COA is unwarranted because based on the record before the Court it is not reasonably debatable that Movant's motion to vacate is untimely.  If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of

8

appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing

Section 2255 Proceedings for the United States District Courts.

## IV.   <u>Conclusion</u>

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion [113] to vacate, set aside, or

correct his federal sentence be **DENIED** and **DISMISSED** as untimely and that a

COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255

motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this 30th day of November,

2018.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/8
2)